UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | | |
|---|---|---|---|
| CHARLES REGGIE UNDERWOOD, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | Case no.: | 2:14-cr-89-RLJ-MCLC-1 |
| v. | ) | | 2:15-cv-228-RLJ |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

Before the Court is Charles Reggie Underwood's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 111].[1] Following a plea of guilty, pursuant to a written plea agreement, Underwood ("Petitioner") was convicted of conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), and was sentenced to 154 months' imprisonment [Doc. 51 and 102]. Petitioner did not file a direct appeal, and filed the instant motion on September 11, 2015.

In his § 2255 motion, Petitioner raises two theories in support of a single ground of collateral attack, ineffective assistance of counsel [Doc. 112]. Those two theories are: (1) counsel failed to file a notice of direct appeal when requested, thereby depriving Petitioner of the proceeding entirely, and (2) counsel failed to seek a lesser sentence for Petitioner [*Id*. at 4, 5].

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

---

[1] All citations to the record are found on the docket of Case No. 2:14-CR-89-RLJ-MCLC-1.

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under § 2255 is limited to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors that constitute "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 349, 354 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *See Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In assessing counsel's performance, a court must presume that counsel's questioned actions might have been sound strategic decisions and must evaluate the alleged errors or omissions from counsel's perspective at the time the conduct occurred and under the circumstances of the particular case. *Id.* at 689. Only when the challenged actions are "outside the range of professionally competent assistance" will counsel's performance be considered constitutionally deficient. *Id*. at 690.

Both components of the *Strickland* test apply where the asserted attorney error is the failure to file an appeal. *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000). In assessing the

2

claimed error in light of the deficient-performance prong of the *Strickland* standard, the Supreme Court has instructed:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Id*. Thus, an attorney who ignores his client's explicit direction to file an appeal has rendered an inferior and deficient performance. However, "a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id*.; *see also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

> As to the prejudice prong in such a situation, the Supreme Court observed that:

> Counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether. In [certain prior cases], we held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable. The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any presumption of reliability to judicial proceedings that never took place.

*Roe*, 528 at 483 (all internal citations, quotation marks, and brackets omitted). Thus, it held "that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken; the defendant has made out a successful ineffective assistance of

3

counsel claim entitling him to an appeal." *Id.* at 484; *United States v. Anderson*, 409 F. Supp. 2d 925, 926 (S.D. Ohio 2005) ("Prejudice is presumed from counsel's failure to file a notice of appeal or a brief complying with the requirements of *Anders* [*v. California*, 386 U.S. 738 (1967)]."). Because prejudice is presumed, counsel's "failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

In his complaint, Petitioner states that he asked his attorney "to do the appeal when [he] was in front of Judge Jordan" but his attorney "didn't do the 10 day direct appeal like [he] asked [and] also didn't challenge the PSI for [him] like [he] asked" [Doc. 112 p. 4].

In their Response to the instant motion, the Government notes that Petitioner, as part of his plea agreement, waived his right to appeal his conviction and sentence, so long as it did not exceed the sentencing guideline range. However, under Sixth Circuit precedent, the Court must determine whether counsel failed to perfect a direct appeal on behalf of his client "without regard to [Petitioner's] probability of success on appeal." Thus, the Government's argument that it "likely" would have been successful in having any such appeal dismissed is not relevant to the Court's instant analysis.

The Government further argued that Petitioner has presented no evidence to show that he asked counsel to appeal within the time period for doing so, and the lack of factual support is fatal to his claim [Doc 114 p. 4]. *See Gardner v. United States*, No. 97-5469, 1999, at *3 (6th Cir. Apr. 15, 1999) (denying relief where a petitioner "made no attempt to provide the court with any [relevant] facts" to support his claim that counsel should have filed a direct appeal). The Government maintains that it is insufficient for a petitioner to demonstrate that he "expressed" a

"desire" to appeal; he must show that he "specifically instruct[ed]" his attorney to file an appeal. *Regalado v. United States*, 334 F.3d 520 at 525 (6th Cir. 2003).

Attached to the response to Petitioner's motion, the Government provided a sworn affidavit from Petitioner's trial counsel stating that Petitioner never asked him to file an appeal within the time period for doing so and that, had Petitioner requested an appeal, counsel would have filed one [Doc. 114-1]. Thus, the Government asserts that Petitioner's allegation that counsel failed to appeal at his request is contradicted by counsel's affidavit [Doc. 114 p. 5].

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine - after a review of the answer and the records of the case - whether an evidentiary hearing is required. A hearing is not required where the record conclusively shows that the petitioner is entitled to no relief, such as where "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts[.]" *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). A defendant may, however, be entitled to an evidentiary hearing when he presents "a factual narrative of the events that is neither contradicted by the record nor inherently incredible and the government offers nothing more than contrary representations to contradict it[.]" *Huff*, 734 F.3d at 607 (quoting *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (internal quotation marks omitted)).

Because Petitioner's allegations and counsel's affidavit present competing factual accounts, this Court has discretion to conduct an evidentiary hearing to assess the credibility of the respective parties. *E.g.*, *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (suggesting that, with certain exceptions, evidentiary hearings are mandatory where "a factual

5

dispute arises" in a § 2255 proceeding.) At this time, the Court cannot conclusively determine that Petitioner is not entitled to relief, as it lacks sufficient evidence to determine whether counsel failed to file a notice of appeal on Petitioner's behalf. *See e.g.*, *Borders v. United States*, No. 11-3402, 2012 U.S. App. LEXIS 26850, at *5 (6th Cir. June 13, 2012) (explaining "district court should have held an evidentiary hearing" where record suggests that the defendant might have instructed his attorney . . . to file a direct appeal").

Accordingly, the Court will conduct an evidentiary hearing to determine whether Petitioner timely directed his attorney to file a notice of appeal on his behalf.[2]

This matter is **REFERRED** to the United States Magistrate Judge for appointment of counsel, provided Petitioner qualifies for appointment of counsel under 18 U.S.C. § 3006A. The Clerk is **DIRECTED** to send Petitioner a financial affidavit (Form CJA 23), which he should complete, sign, and return expeditiously. The Court will schedule the evidentiary hearing after counsel has been appointed.

**SO ORDERED.**

ENTER:

                                                                                 s/Leon Jordan
                                                                 United States District Judge

---

[2] The Court need not assess the merits of Petitioner's other claims of ineffective assistance of counsel until the issues regarding the filing of his direct appeal has been resolved.